(No. 39321.— )

THE PEOPLE *ex rel.* Stachulak, Appellant, *vs.* JOSEPH E. RAGEN, Director of the Department of Public Safety, *et al.*, Appellees.

*Opinion filed May 23, 1966.—Rehearing denied September 21, 1966.*

Frank Stachulak, *pro se.*

Mr. Justice Hershey delivered the opinion of the court:

Petitioner, Frank Stachulak, appearing *pro se,* appeals from an order of the circuit court of Randolph County denying his petition for a writ of *habeas corpus.*

While petitioner was serving a sentence in the Illinois State Penitentiary at Menard, a petition was filed on August 18, 1959, in the county court of Randolph County by the Department of Public Safety pursuant to section 8 of "An Act in relation to the Illinois State Penitentiary, * * *" (Ill. Rev. Stat. 1959, chap. 108, par. 112,) seeking to determine whether petitioner was at that time "mentally ill, or in need of mental treatment, or mentally deficient with continuing criminal propensities, or [was] a sexually dangerous person". A hearing on the petition was held pursuant to statute, at the conclusion of which the court entered an order finding petitioner to be a sexually dangerous person, and committing him to the Department of Public Safety for confinement until recovered. Petitioner was confined in the penitentiary at Menard pursuant to this order.

On December 15, 1964, petitioner filed a petition for writ of *habeas corpus* in the circuit court of Randolph County naming as respondent Joseph E. Ragen, Director of the Department of Public Safety, and Ross V. Randolph as agent and as warden of the Illinois State Penitentiary. In the petition, petitioner alleged that the order finding him to be a sexually dangerous person was void upon its face, and that *habeas corpus* was a proper remedy to challenge the validity of his confinement. On the same day, the court entered an order denying the petition for writ of *habeas corpus,* "for the reason that the petition does not state a

cause of action, and is insufficient in law". It is from this order that petitioner appeals directly to this court.

It is necessary at the outset to examine certain portions of the statutory provision under which petitioner was committed as a sexually dangerous person. Section 8 of the act requires the Department of Public Safety, in its role of supervisor of penitentiary inmates, to cause an examination to be made at suitable intervals to ascertain whether any convict has become (1) mentally ill; (2) in need of mental treatment; (3) mentally deficient with continuing criminal propensities; or (4) a sexually dangerous person. The term "sexually dangerous person" is defined in section 8 as "any person not insane or feeble-minded, suffering from a mental disorder coupled with criminal propensities to the commission of sex offenses, and who has demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children". (Ill. Rev. Stat. 1959, chap. 108, par. 112.) The terms "mentally ill", "in need of mental treatment", and "mentally deficient" are not defined in section 8, although they are defined in the Mental Health Code. Ill. Rev. Stat. 1959, chap. 91½, pars. 1—7, 1—8, 1—9.

The penitentiary act further provides in section 8 that "Before any convict who has been confined in the Illinois State Penitentiary for the crime of rape, incest, crime against nature, or taking indecent liberties with a child * * * is released upon the expiration of his sentence, the Department of Public Safety may file * * * a petition in writing setting forth facts tending to show that the convict is mentally ill, or in need of mental treatment, or mentally deficient with continuing criminal propensities, or a sexually dangerous person."

The act then provides for the appointment of a commission of qualified physicians to make a personal examination of the inmate and to submit a report to the court of their findings. The act also requires a hearing at which defendant has the right to demand a jury and to be repre-

sented by counsel. Section 8 further provides that if the inmate is found to be a sexually dangerous person, the court is to appoint the Director of Public Safety as his guardian and is to commit the convict to the custody of the Director. The statute also sets forth certain provisions for the release of sexually dangerous persons who have recovered. Inmates found to be mentally ill, or in need of mental treatment, or mentally deficient with continuing criminal propensities, are committed to the Department of Public Welfare for confinement in the State hospital which that Department designates.

Petitioner does not question the accuracy of the findings of the commission nor does he contend that there were any irregularities in the hearing. His sole challenge is directed at that portion of the order entered by the county court of Randolph County finding "that Frank Stachulak is not a mentally ill person, is not a person in need of mental treatment, is not a mentally deficient person with continuing criminal propensities, but is a sexually dangerous person". Petitioner alleged in his petition for writ of *habeas corpus* that the finding of the court that he is "not mentally ill", was "not in need of mental treatment", and was "not a mentally deficient person with continuing criminal propensities" was totally inconsistent with the finding that he was a "sexually dangerous person", which by statutory definition is a person suffering from a mental disorder. He further alleged that the court ordered him committed "until recovered", but that it was "utterly impossible for him to recover because the order finds that he is not in need of mental treatment". For these reasons, petitioner contends that the order was null and void and that *habeas corpus* was the proper remedy.

We do not agree with petitioner's contention that the order of the county court finding him to be a sexually dangerous person contained inconsistent findings which rendered it null and void. The terms "mentally ill", "in need of mental treatment", "mentally deficient", and "sexu-

ally dangerous person", as defined in the Mental Health Code and section 8 of the act we are here directly concerned with, each describe a particular category of persons suffering from mental diseases or disorders of a specified severity. In our opinion, the county court's order which employs these terms must be read within the context of these legislative categorizations. When the findings are so construed, we think that the clear meaning of the findings is that petitioner was suffering from a disorder which placed him in the category of a sexually dangerous person and not in any one of the other three categories. The finding that petitioner was not "mentally ill", "not in need of mental treatment", and "not mentally deficient with continuing criminal propensities," clearly is not inconsistent with its finding that defendant was a sexually dangerous person.

The order of the circuit court of Randolph County dismissing petitioner's petition for writ of *habeas corpus* is affirmed.

*Order affirmed.*